**BURKS et al., Appellants and Cross–Appellees,**

v.

**PECK, SHAFFER & WILLIAMS et al., Appellees and Cross–Appellants.**

[Cite as *Burks v. Peck, Shaffer & Williams* (1996), 109 Ohio App.3d 1.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68809.

Decided Jan. 29, 1996.

*William K. Redmond,* for appellants and cross-appellees.

*Roetzel & Andress, Ronald B. Lee* and *Laura M. Faust,* for appellees and cross-appellants Peck, Shaffer & Williams and Mark D. Blocher.

*Gallagher, Sharp, Fulton, & Norman* and *James F. Sweeney,* for appellees and cross-appellants Gold, Rotatori, Schwartz & Gibbons and Robert Ranallo.

*Mansour, Gavin, Gerlack & Manos Co., L.P.A., Thomas B. Bralliar* and *Patrick M. McLaughlin,* for Rogers, Horton, Forbes & Teamor.

JAMES D. SWEENEY, Judge.

Plaintiffs-appellants and cross-appellees Walter A. Burks, Burks Development Corporation, Beehive Limited Partnership and Doan Limited Partnership appeal from the trial court granting a motion to dismiss on the first amended complaint pursuant to Civ.R. 12(B)(6) in favor of the following defendants-appellees and cross-appellants: (1) the law firm of Peck, Shaffer & Williams ("Peck"); (2) attorney Mark D. Blocher ("Blocher"), who was employed at the time of the allegedly tortious acts by Peck; (3) the law firm of Gold, Rotatori, Schwartz & Gibbons Co., L.P.A. ("Gold"); (4) attorney Robert Ranallo ("Ranallo"), who was employed at the time of the allegedly tortious acts by Gold; and (5) the law firm of Rogers, Horton, Forbes & Teamor ("Rogers"). Plaintiffs' complaint for legal malpractice, which alleges that the defendants' negligence proximately caused plaintiffs' subsequent indictment, is admitted by the parties to be a case of first

impression in Ohio. The cross-appeals argue that the trial court erred in denying summary judgment on the issue of whether plaintiffs' cause of action was barred by the applicable statute of limitations for legal malpractice. For the reasons adduced below, we affirm in part and reverse in part, and remand the cause for further proceedings.

A review of the record on appeal indicates that the relationship between the plaintiffs and defendants originated from the plaintiffs' attempt in the early to mid–1980s to purchase the Doan and Beehive public school buildings in the city of Cleveland and rehabilitate and convert those buildings for use as senior citizen housing, using Section 8 rent subsidy payments through the United States Department of Housing and Urban Development ("HUD") to ensure repayment of construction bonds issued by the Ohio Housing Finance Agency ("OHFA"). Plaintiffs used the legal services of the defendants to plan, structure and finance the bond issuance through OHFA.

In October 1983, plaintiffs applied to OHFA for the financing bonds. In February 1984, following a public hearing, OHFA approved the issuance of the requested bonds.

In December 1984, plaintiffs, by their own deposition testimony, became aware of an age-related conflict between state and federal restrictions relating to the issuance of OHFA bonds and the class of eligible recipients of Section 8 payments. At the time, Ohio law restricted OHFA bond proceeds to the financing of housing only for persons sixty-two years of age or older, while HUD regulations allowed Section 8 rent subsidy payment recipients to be elderly citizens, which included disabled and handicapped individuals. Therefore, the financing scheme using Section 8 payments was in direct conflict with Ohio law.

OHFA issued the original bond in February 1985 in the amount of $2,325,000. A supplemental bond issuance was made by OHFA in June 1986 in the amount of $215,000.

On May 14, 1991, plaintiffs were indicted by the Cuyahoga County Grand Jury for, as related to this appeal, the offenses of grand theft (R.C. 2913.02) and securing writings by deception (R.C. 2913.43) surrounding the issuance of the bonds. As alleged in the first amended complaint, the age conflict was at the heart of these offenses because the OHFA bond proceeds were used beyond the scope of the authority given by the state of Ohio. On November 21, 1991, the plaintiffs were acquitted of these two offenses which related to the age conflict.[1]

---

1. Plaintiff-appellant Beehive Partnership was convicted of forgery, uttering and tampering with records in connection with the housing renovation project, but this conviction was unrelated to the age-conflict issue.

On May 12, 1992, plaintiffs filed the original complaint herein against the defendants, alleging legal malpractice in connection with their advice, or lack thereof, on the age-conflict issue as it relates to the bond issuance which allegedly caused the client to be indicted. All the defendants named previously filed answers to this complaint, asserting the affirmative defense that the action was barred by the statute of limitations.

On January 20, 1993, the parties stipulated in the original case management order that discovery would proceed only on issues relevant to the applicability of the statute of limitations, and that discovery on other issues would proceed, if at all, after the trial court rules on the subsequent motions for summary judgment on the statute of limitations defense.

Defendants Peck and Blocher filed a joint motion for summary judgment on the statute of limitations defense on August 16, 1993. On August 18, 1993, defendant Rogers filed its motion for summary judgment on the statute of limitations defense. On August 20, 1993, defendants Gold and Ranallo filed a joint motion for summary judgment on the statute of limitations defense.

On November 1, 1993, pursuant to a joint motion by the parties, the trial court modified the original case management order to allow additional time for discovery to respond to the defendants' motions for summary judgment on the statute of limitations defense.

Thereafter, the parties increased their motion practice in the trial court. Plaintiffs filed, on January 3, 1994, a brief in opposition to the defendants' motions for summary judgment on the statute of limitations defense. On January 6, 1994, defendants Gold and Ranallo filed a motion for leave to file a reply brief in support of summary judgment. On January 10, 1994, defendants Peck and Blocher filed a motion for leave to file a reply brief in support of summary judgment. Also on January 10, 1994, plaintiffs filed a brief in opposition to defendants' leave to file reply briefs and a motion to lift the stay on discovery. On January 11, 1994, defendant Rogers filed a motion for leave to conduct additional discovery and to file a reply brief in support of summary judgment. On January 14, 1994, defendants Peck and Blocher filed a brief in opposition to plaintiffs' motion to lift the stay of discovery. On January 18, 1994, defendants Gold and Ranallo filed a brief in opposition to plaintiffs' motion to lift the stay on discovery.

On April 28, 1994, a hearing was conducted by the trial court, at which time plaintiffs were given leave to file an amended complaint as to the legal malpractice counts only.

On June 26, 1994, defendants Peck and Blocher and defendant Rogers filed a motion to dismiss.

On August 15, 1994, plaintiffs filed the first amended complaint. This amended pleading was eighty-one pages in length, contained three separate counts against the three separate groups of attorneys, and contained a total of two hundred sixteen numbered paragraphs. On August 29, 1994, prior to answering the amended complaint, defendants Gold and Ranallo filed a motion to dismiss the amended complaint. Plaintiffs filed a brief in opposition to this Gold/Ranallo motion to dismiss on September 8, 1994.

On September 12, 1994, defendants Peck and Blocher filed a motion to apply their previously filed motion to dismiss/for summary judgment to the amended complaint. On September 13, 1994, defendant Rogers filed its motion to dismiss the amended complaint or, in the alternative, for summary judgment on the statute of limitations issue. Plaintiffs filed a brief in opposition to the Peck/Blocher motion on September 22, 1994.

On November 22, 1994, the trial court issued a series of orders, providing in pertinent part the following: (1) all dispositive motions of the defendants were considered refiled against the amended complaint, and (2) the motions to dismiss filed in June 1994 by defendant Rogers and defendants Peck/Blocher were moot.

On March 27, 1995, plaintiffs filed the following joint motion with respect to summary judgment: (1) a motion for notice of intent to convert motions to dismiss to motions for summary judgment, and (2) a motion to continue the court's ruling to permit additional discovery and the filing of additional evidence pursuant to Civ.R. 56(F). Also on March 27, 1995, the trial court journalized the final order appealed from, wherein the court addressed the claims raised in the amended complaint and denied defendants' summary judgment on the issue of the statute of limitations, concluding that the action was timely filed, and granted the defendants' motions to dismiss pursuant to Civ.R. 12(B)(6). On March 28, 1995, the trial court denied as moot plaintiffs' motion for notice/motion to continue ruling filed on March 27, 1995.

Plaintiffs have timely appealed, presenting three assignments of error. Defendants have cross-appealed, arguing in the alternative that (1) the court lacked jurisdiction to rule on the summary judgment motions once dismissal had been granted, or (2) that summary judgment on the issue of the statute of limitations should have been granted.

The plaintiffs' first assignment of error provides:

"The lower court erred to the prejudice of plaintiffs-appellants by dismissing the amended complaint pursuant to Civ.R. 12(B)(6)."

█ The amended complaint alleges a cause of action for legal malpractice. The elements for such a cause of action relating to civil matters are the following: "(1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty,

and (3) damages proximately caused by the breach." *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 105, 538 N.E.2d 1058, 1060, citing *McInnis v. Hyatt Legal Clinics* (1984), 10 Ohio St.3d 112, 10 OBR 437, 461 N.E.2d 1295.

The standard of review for a dismissal pursuant to Civ.R. 12(B)(6) was recently stated by this court in *Thompson v. Cent. Ohio Cellular, Inc.* (1994), 93 Ohio App.3d 530, 538, 639 N.E.2d 462, 467:

"A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 605 N.E.2d 378. It is well settled that 'when a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the non-moving party.' *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, 589, citing *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756. However, while the factual allegations of the complaint are taken as true, the same cannot be said about unsupported conclusions. 'Unsupported conclusions of a complaint are not considered admitted, * * * and are not sufficient to withstand a motion to dismiss. * * *' (Citations omitted.) *State ex rel. Hickman v. Capots* (1989), 45 Ohio St.3d 324, 544 N.E.2d 639.

"In resolving a Civ.R. 12(B)(6) motion, courts are confined to the averments set forth in the complaint and cannot consider outside evidentiary materials unless the motion is converted, with appropriate notice, into one for summary judgment under Civ.R. 56. *State ex rel. Baran v. Fuerst* (1990), 55 Ohio St.3d 94, 563 N.E.2d 713. In order for a court to grant a motion to dismiss for failure to state a claim, it must appear 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224, 327 N.E.2d 753, 755."

■ The trial court, in its judgment entry, dismissed the plaintiffs' cause of action for legal malpractice concluding that, as a matter of law, no duty existed under the facts presented because the reasonable foreseeability of injury, *viz.*, the return of a true bill by the grand jury, was lacking. Absent a duty, which depends on the foreseeability of the injury and the knowledge of the defendants at the time of their actions forming the basis for the breach of the duty to their client, there could be no claim for relief under a negligence theory. *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 15 OBR 179, 472 N.E.2d 707. We also note that the court did not convert the motion to dismiss to one for summary judgment.

Whether the injury was foreseeable is a factual issue. *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 539 N.E.2d 614. As a factual issue, foreseeability of injury is necessarily more appropriately tested using a motion for summary judgment rather than a motion to dismiss since the allegations in the complaint must be taken as true and the reasonable inferences therefrom drawn in a light most favorable to the plaintiffs.

Having reviewed the voluminous amended complaint, we conclude that plaintiffs' amended complaint alleged sufficient facts to state a cause of action for legal malpractice. Accordingly, the trial court erred in granting the motion to dismiss.

The first assignment of error by plaintiffs is sustained.

The second and third assignments of error presented by the plaintiffs are rendered moot due to our ruling on the first assignment of error.[2] App.R. 12(A)(1)(c).

We now turn our attention to the cross-assignments of the defendants. These cross-assignments of error fall into two general types.

Cross-appellants Peck, Blocher and Rogers argue first that the trial court lacked jurisdiction to rule on the motions for summary judgment after the trial court granted the motions to dismiss pursuant to Civ.R. 12(B)(6). These cross-assignments relative to trial court jurisdiction over competing dispositive motions are without merit. While the record demonstrates that the trial court ruled on the dispositive motions in the same judgment entry and opinion, that final order clearly concluded that the motions for summary judgment on the statute of limitations issue were denied one paragraph prior to the court's ruling on the motions to dismiss. Accordingly, the trial court maintained jurisdiction to rule on the motions for summary judgment.

Next, cross-appellants Peck, Blocher, Gold and Ranallo argue that the trial court erred in not granting the motions for summary judgment on the issue

---

2. The second and third assignments of error relate to the dismissal of the amended complaint and provide as follows:

"The lower court violated appellants' rights to a remedy and to due process under Article I, Section 16 of the Ohio Constitution by: affirmatively preventing appellants from engaging in discovery on the merits and from calling witnesses; by recasting the allegations of the amended complaint; by creating, *sua sponte*, a rule of law barring the action which has no basis in Ohio law and which was neither pled nor asserted by motion as a defense in law; and by dismissing the amended complaint on the bar thus created without notice or the opportunity to be heard."

"The lower court erred to the prejudice of appellants by attempting to convert the motions to dismiss, filed pursuant to Civ.R. 12(B)(6), into motions for summary judgment when it was not permissible and by doing so without notice and without affording appellants the opportunity to file all materials made pertinent by Civ.R. 56 and by deciding material issues of fact in derogation of the only evidence in the record."

of whether the one-year statute of limitations for legal malpractice had expired. This argument is likewise without merit.

In addressing this argument we note the following language by Judge Krupansky as contained in *Wilkerson v. Eaton Corp.* (Mar. 10, 1994), Cuyahoga App. No. 65812, unreported, 1994 WL 77719:

"Civ.R. 56(C) specifically provides that before summary judgment may be granted, the court must determine that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to only one conclusion, and viewing such evidence most strongly in favor of the non-movant, the conclusion is adverse to that party. *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 587 N.E.2d 825.

"A motion for summary judgment forces the non-moving party to produce evidence on issues for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095 (syllabus). The evidentiary materials must be timely filed. Civ.R. 56(C). The non-movant must also present specific facts and may not rely merely upon the pleadings or upon unsupported allegations. *Shaw v. J. Pollock & Co.* (1992), 82 Ohio App.3d 656, 612 N.E.2d 1295." See, also, *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265, 273–274.

Additionally, "the dispute must be 'material' in that the facts involved have the potential to affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211. The issue to be tried must also be 'genuine,' allowing reasonable minds to return a verdict for the non-moving party. *Id.,* 477 U.S. at 248–252, 106 S.Ct. at 2510–2512, 91 L.Ed.2d at 211–214." *Manofsky v. Goodyear Tire & Rubber Co.* (1990), 69 Ohio App.3d 663, 666, 591 N.E.2d 752, 754.

In *Zimmie v. Calfee, Halter & Griswold* (1989), 43 Ohio St.3d 54, 538 N.E.2d 398, syllabus, the Supreme Court stated the following:

"Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later. (*Omni–Food & Fashion, Inc. v. Smith* [1988], 38 Ohio St.3d 385, 528 N.E.2d 941, applied.)" See, also, *Burgess v. Eli Lilly & Co.* (1993), 66 Ohio St.3d 59, 609 N.E.2d 140 (knowledge of an injury and the cause of the injury is required before a cause of action accrues and the statute of limitations begins to run).

In the present case, there was an abundance of documentary evidence by way of affidavits, deposition testimony and otherwise (newspaper articles, police search records, etc.) offered by the opposing parties on the issue as to when Burks knew or should have known that his injury (the May 14, 1991 indictment) was related to his attorneys' act or non-act. Certainly, one cannot have knowledge of an injury prior to the injury itself. Accordingly, we concur in the trial court's determination that the there was a genuine issue of fact whether the original complaint filed on May 12, 1992 was filed within the one-year statute of limitations for legal malpractice.

The judgment is affirmed in part and reversed in part, and the cause is remanded for further proceedings.

*Judgment accordingly.*

Spellacy, C.J., and Patton, J., concur.