[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, Joanne M. Harvey, individually and as guardian and next friend of Mary A. Chieco, filed a complaint seeking damages for legal and accounting malpractice and breach of fiduciary duty against defendants-appellees, Donald F. Heeb, an accountant, and his accounting firm, and Jeffrey A. Felix, an attorney, and his law firm. The complaint alleged that Felix and Heeb had violated their professional duties by advising Mary Chieco to transfer a large amount of stock to Harvey and then by advising Harvey to transfer the stock back to Chieco. Appellant claimed that these transfers caused both Chieco and Harvey to consume almost all of their unified gift and estate tax credits and that, therefore, both of their estates would incur substantial tax liability upon their deaths. The complaint also sought a declaratory judgment, asking the court "for a determination of a controversy * * * regarding the accrual of [appellant's] causes of action in connection with statutes of limitations and [their] tax liability[.]" The trial court granted summary judgment in favor of appellees on the malpractice and breach-of-fiduciary-duty claims. The court also overruled appellant's motion for summary judgment on the claim for a declaratory judgment and granted judgment in favor of appellees.
In her sole assignment of error, appellant contends that the trial court erred in granting appellees' motions for summary judgment on the malpractice and breach-of-fiduciary-duty claims. Injury or damage is a necessary element of a cause of action for negligence. Hanson v. Kynast
(1986), 24 Ohio St.3d 171, 177, 494 N.E.2d 1091, 1096-1097; Pietz v.Toledo Trust Co. (1989), 63 Ohio App.3d 17, 22, 577 N.E.2d 1118, 1122. "[I]njury and the resulting damage must be shown with certainty and not be left to conjecture and speculation." Uncertainty as to the existence of damages, as opposed to the amount of damages, precludes recovery. Hallv. Gill (1995), 108 Ohio App.3d 196, 206, 670 N.E.2d 503, 510; Pietz,supra, at 22, 577 N.E.2d at 1122.
In this case, both Harvey and Chieco's alleged damage is the increased estate-tax liability each will allegedly incur upon their deaths due to the loss of most of their federal estate-tax exemptions. However, the extent of any tax liability to their estates depends on the value of their estates at their deaths and the tax laws in effect at the time. Because both of them are still alive, the value of their estates and the amount of tax due at the time of their deaths are unknown. Numerous factors could affect their estates and therefore the existence of any damages is speculative. Because they have no damages at this time and any damages in the future are purely speculative, appellants cannot now recover on their causes of action for malpractice and breach of fiduciary duty. Pietz, supra, at 23, 577 N.E.2d at 1122.
We find no issues of material fact. Construing the evidence most strongly in appellant's favor, we hold that reasonable minds can come to but one conclusion, that appellant has not, as yet, suffered any damages. Therefore, appellees are entitled to judgment as a matter of law on malpractice and breach-of-fiduciary-duty claims, and the trial court did not err in granting their motions for summary judgment. See Harlessv. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46,47; Hall, supra, at 206-207, 670 N.E.2d at 510; Pietz, supra, at 23,577 N.E.2d at 1122.
Appellant also argues that the trial court erred in granting judgment in favor of appellees on the claim for a declaratory judgment. We find no cases holding that the accrual date of a cause of action for statute-of-limitations purposes is not a proper subject for declaratory judgment. We would also agree that the statute of limitations does not begin to run until appellant suffers some injury. See Burks v. Peck,Shaffer Williams (1996), 109 Ohio App.3d 1, 8-9, 671 N.E.2d 1023,1028; Wisecup v. Gulf Development (1989), 56 Ohio App.3d 162, 164-165,565 N.E.2d 865, 867-868. However, we cannot reach that issue because of the procedural posture of this claim.
The record shows that the trial court, without construing the law or declaring the rights of the parties, merely journalized an entry granting judgment in favor of appellees. This court has repeatedly held that a trial court's failure to declare the rights of the parties in a declaratory-judgment action is a failure to fulfill its function under R.C. Chapter 2721 that requires this court to reverse the judgment and remand the case for further proceedings. Waldeck v. N. College Hill
(1985), 24 Ohio App.3d 189, 190, 493 N.E.2d 1375, 1377; Lawless v.Industrial Comm. of Ohio (Jan. 17, 1996), Hamilton App. No. C-940735, unreported; Powers v. Meyers (Feb. 10, 1993), Hamilton App. No. C-920010, unreported. Those proceedings must include a declaration of the parties' rights, see Lawless, supra; Powers; supra, or a dismissal of the declaratory-judgment claim for a proper reason. See Fioresi v. State FarmMut. Automobile Ins. Co. (1985), 26 Ohio App.3d 203, 203-204, 499 N.E.2d 5,6.
Accordingly, we sustain the assignment of error only as to the claim for a declaratory judgment. We affirm the trial court's judgment in part, reverse it in part, and remand the case for further proceedings.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.