OPINION
{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Maurice R. Griggs, filed August 17, 2005. On September 21, 2004, Griggs filed a pro se Complaint against attorney Appellees Thomas E. Bookwalter, James C. Ellis, and William R. Miller, alleging legal malpractice. On October 19, 2004, Miller filed a counterclaim against Griggs for unpaid legal services.
 {¶ 2} The events giving rise to this matter began in October 15, 1998, when Griggs executed a land purchase contract with Leon Hester for the sale of Griggs' condominium in West Carrollton, Ohio. Under the contract, Griggs retained legal title to the condominium until Hester paid the balance due in full, but Hester obtained an equitable interest in the property by making payments pursuant to the contract. In August, 2001, Hester defaulted on the contract, and after that time, neither Hester or Griggs paid the fees and dues that were owed to the condominium association. On September 11, 2002, the association filed a complaint to foreclose on liens it had filed against the property.
 {¶ 3} In October, 2001, Griggs hired Bookwalter to represent him in a foreclosure dispute against Hester. According to Bookwalter, Griggs refused to accept a settlement proposal that Bookwalter deemed reasonable. Due to ongoing settlement negotiations, Bookwalter did not recommend or file a forcible entry and/or detainer action, or a land contract forfeiture action, although Griggs requested that a forcible entry action be filed on February 20, 2002. Bookwalter advised against litigation. On May 3, 2002, Griggs terminated Bookwalter's services via letter.
 {¶ 4} On June 16, 2002, Griggs retained Ellis to represent him in evicting Hester from the condominium. Ellis advised Griggs that he could not proceed with an eviction, due to Hester's equitable interest in the condominium, but rather must move to foreclose. Griggs disagreed with Ellis, and he terminated their relationship via letter at the end of August, 2002.
 {¶ 5} In October, 2002, Griggs retained Miller to represent him in the lawsuit filed by the condominium association. According to Miller, Griggs interfered with Miller's ability to represent him, refused to pay reasonable attorney fees, and refused to travel from his home state of Oklahoma for deposition. On June 20, 2003, Miller filed a notice of withdrawal as Griggs' counsel of record.
 {¶ 6} On November 17, 2004, Ellis filed a Motion for Summary Judgment, along with an accompanying affidavit and a copy of a letter dated August 26, 2002, from Griggs to Ellis, the subject of which is "Termination of Client-Attorney Relationship." Ellis argued that the statute of limitations barred Griggs from recovery. Griggs did not file a response. In granting Ellis' Motion, the trial court found that the statute of limitations expired prior to the filing of Griggs' Complaint.
 {¶ 7} On December 6, 2004, Bookwalter and Miller together filed a Motion for Summary Judgment, attached to which were Bookwalter's and Miller's affidavits. The trial court sustained the joint motion on January 20, 2005, finding that Griggs' cause of action was time barred by the statute of limitations. Griggs filed a Notice of Appeal on February 28, 2005, "appealing * * * the final order of Judge John W. Kessler * * * entered in the Court Record on January 20, 2005." Bookwalter and Miller filed a motion to dismiss for lack of a final appealable order on March 2, 2005. On April 6, 2005, we granted Appellee's motion, because the trial court had not yet ruled on Miller's counterclaim. Miller dismissed his counterclaim on July 18, 2005.
 {¶ 8} Griggs filed a second Notice of Appeal on August 17, 2005, which provides that he is appealing "the final and appealable order, last entered in the court record on January 20, 2005 and `all other claims and decisions' of Judge John W. Kessler in the above captioned case." Griggs filed a brief on November 17, 2005, asserting one assignment of error as follows:
 {¶ 9} "THE TRIAL COURT ERRED WHEN IT GRANTED THE MOTION OF APPELLEES FOR SUMMARY JUDGMENT IN THIS LEGAL MALPRACTICE ACTION ON THE GROUNDS THAT THE STATUTE OF LIMITATIONS HAD EXPIRED PRIOR TO APPELLANT'S FILING THE INSTANT LAWSUIT." On December 2, 2005, Bookwalter and Miller filed an "Amended Brief."
 {¶ 10} On May 30, 2006, Griggs filed another brief, this time asserting five assignments of error as follows:
 {¶ 11} "THE TRIAL COURT ERRED WHEN IT DID NOT APPLY THE DISCOVERY RULE TO DETERMINE WHEN A COGNIZABLE EVENT OCCURRED FOR THE PURPOSE OF TRIGGERING THE STATUTE OF LIMITATIONS."
 {¶ 12} "THE TRIAL COURT ERRED IN NOT REQUIRING THE MOVING PARTY TO SATISFY ITS INITIAL BURDEN OF PRODUCTION ON ITS AFFIRMATIVE DEFENSE."
 {¶ 13} "THE TRIAL COURT ERRED IN DETERMINING THAT MONTGOMERY COUNTY LOCAL RULE 2.05 REQUIRES ALL PARTIES OPPOSING MOTIONS FOR SUMMARY JUDGMENT TO FILE AND SERVE A MEMORANDUM IN OPPOSITION WITHIN FOURTEEN DAYS."
 {¶ 14} "THE TRIAL COURT ERRED — RIGHT-TO-REMEDY CLAUSE OF THE STATE CONSTITUTION AND DUE PROCESS CLAUSE WERE VIOLATED BY TRIAL COURT DETERMINATION THAT CAUSE OF ACTION FOR INJURY CAUSED BY LEGAL MALPRACTICE BASED ON NEGLIGENT REPRESENTATION ACCRUES WHEN `PLAINTIFF DISCOVERED OR SHOULD HAVE DISCOVERED THAT HE MAY HAVE AN INJURY RELATED TO DEFENDANT BOOKWALTER'S AND/OR DEFENDANT MILLER'S ACTS OR NON-ACTS AND WAS PUT ON NOTICE OF HIS NEED TO PURSUE POSSIBLE REMEDIES AGAINST DEFENDANT BOOKWALTER AND/OR DEFENDANT MILLER.' FOR ALL INTENTS AND PURPOSES AS IS APPLICABLE PLAINTIFF JOINS DEFENDANT ELLIS WITH HIS CO-DEFENDANTS IN THIS ASSIGNMENT OF ERROR."
 {¶ 15} And,
 {¶ 16} "THE TRIAL COURT ERRED IN DECIDING THE ISSUES HIMSELF."
 {¶ 17} We will consider Griggs' assignments of error together.
 {¶ 18} "Our review of the trial court's decision to grant summary judgment is de novo. (Internal citation omitted). Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. (Internal citation omitted). The moving party `bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.' (Internal citation omitted). If the moving party satisfies its initial burden, `the nonmoving party then has a reciprical burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.'"Shirdon v. Houston, Montgomery App. No. 21529, 2006-Ohio-4521.
 {¶ 19} "[A]n action for malpractice other than an action upon a medical, dental, optometric, or chiropractic claim * * * shall be commenced within one year after the cause of action accrued * * *." R.C. 2305.11(A). "[U]nder R.C. 2305.11(A), an action for legal malpractice accrues and the statue of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." Zimmie v.Calfee, Halter and Griswold (1989), 43 Ohio St.3d 54, 58,538 N.E.2d 398 (citing Omni-Food Fashion, Inc. v. Smith (1998),38 Ohio St.3d 385, 528 N.E.2d 941). Courts "must compare the accrual dates based on the termination and the discovery rule. Whichever date is later will be the accrual date for the commencement of the statute of limitations." Id.
 {¶ 20} "[T]he Ohio Supreme Court has never held that a party must be aware or suffer the full extent of his injury before there is a cognizable event triggering the statute of limitations in a legal malpractice action." (Internal citations omitted).Deutsch v. Keating, Muething Klekamp (Jan. 21, 2005), Montgomery App. No. CA020121. "A `cognizable event' is an event that places a reasonable person on notice that a `questionable legal practice may have occurred' and the person might need to pursue remedies against his attorney." Werts v. Penn,
Montgomery App. No. 20922, 2005-Ohio-6532. "Knowledge of a potential problem starts the statute to run, even when one does not know all the details." Halliwell v. Bruner (Dec. 14, 2000), Cuyahoga App. No. 76933. "[C]onsulting with an attorney itself indicates a cognizable event." Id.
 {¶ 21} Griggs appears to argue that the accrual date of his causes of action against Bookwalter and Miller did not occur until the trial court's October 27, 2003, Order Granting Hester's Motion in Limine/Motion for Partial Summary Judgment in the litigation brought by the condominium association. Indian CreekCondominium Owners v. Griggs, 2002-CV-5967. Therein the trial court determined that, "[b]y not even attempting a forcible action, or any other available remedy, Griggs failed to mitigate his damages as he was required to do." Griggs also argues that the trial court wrongly "announces that complaints alone are now sufficient to charge plaintiff with a cognizable event."
 {¶ 22} We disagree. The trial court correctly determined the accrual dates based on the termination and discovery rules as to Bookwalter and Miller. As to Bookwalter, pursuant to the termination rule, Griggs' cause of action accrued on May 3, 2002, the date on which Griggs sent a letter to Bookwalter terminating their relationship. Pursuant to the discovery rule, Griggs' cause of action against Bookwater also accrued by May 3, 2002; according to Griggs' affidavit, he "did not get what [Griggs] bargained for" and "Bookwalter's constant counsel that litigation was not wise frustrated [Griggs]." We agree with the trial court that the events leading up to the termination of Griggs' relationship with Bookwalter, namely Griggs' dissatisfaction and frustration with Bookwalter's counsel, evidence the cognizable event required by Zimmie to determine the date of accrual pursuant to the discovery rule. In other words, Griggs at that time was placed on notice that a "questionable legal practice may have occurred."
 {¶ 23} As to Miller, pursuant to the termination rule, Griggs' cause of action accrued, at the latest, on June 20, 2003, when Miller filed his notice of withdrawal as counsel of record. Pursuant to the discovery rule, Griggs' cause of action against Miller also accrued by June 20, 2003; according to Griggs' affidavit, "Miller and I could not reach a mutually satisfactory way to continue our relationship, * * *." Regarding Griggs' refusal to attend deposition, Griggs' affidavit provides that he "was aware the court allows litigants protection against unreasonable demands such as that, but through Millers [sic] own actions, or lack thereof I was vilified none the less." Again, Griggs' dissatisfaction with Miller's representation of him evidences a cognizable event for purposes of the discovery rule.
 {¶ 24} As Griggs' causes of action against Bookwalter and Miller were time barred, we need not reach Grigg's other assignments of error. The trial court's Decision, Order and Entry Sustaining Defendants' Thomas E. Bookwalter and William R. Miller Motion for Summary Judgment is affirmed.
 {¶ 25} As to Ellis, the trial court determined that Griggs failed to comply with Local Rule 2.05, which provides that all "parties opposing motions shall file and serve a memorandum in opposition to the motion that has been filed and served against them * * * within (14) days from the date on which the motion was served." In the absence of a response, Griggs did not meet his burden under Civ. R. 56(E) of setting forth "specific facts showing that there is a genuine issue for trial." Griggs was not entitled "to rest upon the mere allegations" of his pleadings to show a genuine triable issue. Civ. R. 56(E); State ex rel.Zimmerman v. Tompkins, 75 Ohio St.3d 447,663 N.E.2d 639, 1996-Ohio-211. As the trial court correctly determined, "[o]n the basis that Defendant has presented sufficient evidence where no issue of material fact exists, and no response has been pled by Plaintiff," Ellis' Motion for Summary Judgment was well taken. The trial court's Decision and Entry Granting Motion for Summary Judgment of Defendant James C. Ellis is affirmed.
Wolff, J. and Walters, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).