OPINION
{¶ 1} Plaintiff-appellant, David M. Deutsch, appeals the decision of the Montgomery County Court of Common Pleas granting summary judgment to defendants-appellees, the law firm of Keating, Muething Klekamp, L.L.P. and one of its attorneys, Kevin Irwin, Esq. (collectively referred to as "Keating"), in a legal malpractice action.
 {¶ 2} Prior to August 1995, appellant was employed by the law firm of E.S. Gallon Co., L.P.A. ("Gallon"). In 1990, ap-pellant entered into a shareholder agreement and an employment agreement with Gallon. Both agreements contained an arbitration clause stating that any disagreement arising from or relating to the agreements would be determined through arbitration following the rules of the American Arbitration Association. In 1995, appellant left Gallon and hired Keating to represent him. A dispute arose between appellant and Gallon regarding contingent fees collected by appellant from the nearly 385 former Gallon clients who had discharged Gallon and retained appellant after his departure from Gallon. The fees were earned from cases initially belonging to Gallon but concluded by appellant after his departure.
 {¶ 3} In August 1997, Gallon instituted arbitration proceedings against appellant claiming that it was entitled to a quantum meruit share of the foregoing contingency fees collected by appellant. Gallon also sought reimbursement for advanced costs. On behalf of appellant, Keating filed an answer and counterclaim. Keating did not object to the arbitrability of Gallon's quantum meruit claim. Keating stopped representing appellant on May 9, 1999. Appellant then hired William Blessing to represent him in the arbitration proceedings. On January 4, 2000, the arbitrator awarded Gallon $603,391.89 on its quantum meruit claim and $182,389.59 in interest on the claim. On January 26, 2000, the trial court confirmed the award.
 {¶ 4} Appellant subsequently moved to vacate the award. Specifically, on April 28, 2000, Blessing, on behalf of appellant, filed a brief in support of the motion. The brief alleged, inter alia, that the arbitrator did not have the authority to issue an award to Gallon on its quantum meruit claim because the claim did not arise from or relate to either the shareholder or employment agreement. The brief concluded that the quantum meruit claim was therefore not arbitrable. On May 16, 2000, Gallon filed a brief in opposition in which it argued that by failing to timely and properly object to the arbitrability of Gallon's quantum meruit claim, appellant had waived the issue. On May 31, 2000, the trial court denied appellant's motion to vacate. The trial court found that appellant (1) never objected to the arbitrability of Gallon's quantum meruit claim either during or after the arbitration proceedings, (2) but instead, voluntarily submitted to arbitration by submitting an answer and counterclaim to the arbitrator, and (3) was therefore estopped to deny the authority of the arbitrator to award judgment in favor of Gallon.
 {¶ 5} On May 10, 2001, appellant filed a complaint against Keating alleging it had committed legal malpractice by failing to properly object to the arbitrability of Gallon's quantum meruit claim. Keating moved for summary judgment on the basis, inter alia, that appellant's claim was barred by the statute of limitations. Appellant filed a memorandum in opposition and a motion requesting summary judgment in his favor on the issues of the statute of limitations and the legal malpractice claim.
 {¶ 6} On July 9, 2003, the trial court granted Keating's motion for summary judgment on the basis that appellant's complaint was not filed within the one-year statute of limitations provided in R.C. 2305.11(A). The trial court found that appellant's cause of action accrued on April 28, 2000 when appellant filed a brief in support of his motion to vacate in which he alleged that the arbitrator did not have the authority to issue an award to Gallon. The trial court also found that because appellant did not satisfy the three-prong test for legal malpractice, the "Court would have overruled [appellant's] motion for summary judgment * * *." Appellant appeals the trial court's grant of summary judgment to Keating and the trial court's "denial" of his motion for summary judgment in two assignments of error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THe trial court committed reversible error in awarding appellee summary judgment because reasonable minds would differ on when the cognizable event occurred."
 {¶ 9} Assignment of Error No. 2:
 {¶ 10} "The trial court erred in determining that it would have denied appellant's motion for summary judgment had it not ruled that appellant's claims are time barred."
 {¶ 11} In his first assignment of error, appellant argues that the trial court erred by granting Keating's motion for sum-mary judgment on statute of limitations grounds.
 {¶ 12} Actions alleging legal malpractice must be commenced within one year after the cause of action accrues. R.C. 2305.11(A). An action for legal malpractice accrues and the statute of limitations begins to run "when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client rela-tionship for that particular transaction or undertaking termi-nates, whichever occurs later." Zimmie v. Calfee, Halter Griswold (1989),43 Ohio St.3d 54, syllabus.
 {¶ 13} It is undisputed that the attorney-client relationship between appellant and Keating terminated on May 19, 1999. As a result, and appellant agrees, appellant's legal malpractice claim is time-barred under the "termination rule." The issue before the court, therefore, is when appellant's legal malprac-tice action accrued under the "cognizable event" rule. A "cog-nizable event" is an event sufficient to alert a reasonable per-son that his attorney committed an improper act in the course of legal representation. Spencer v. McGill (1993), 87 Ohio App.3d 267, 278.
 {¶ 14} The trial court found that appellant's legal malpractice claim accrued on April 28, 2000 when a brief in support of his motion to vacate was filed. The trial court noted that the brief, which appellant saw before it was filed, argued that Gallon's legal fees claim was not arbitrable. The trial court found that appellant's "reading and filing of the April 28 Motion setting forth the argument [appellant] now claims * * * Keating should have brought up * * * indicates [appellant] had constructive notice even though he may not have had actual knowledge of any improper act."
 {¶ 15} On appeal, appellant argues that April 28, 2000 cannot be the cognizable event because while the "April 28 brief may have raised the argument that the arbitration of the quantum meruit claim was not arbitratible, * * * it did not raise the issue that this argument was waived." Appellant asserts that the cognizable event occurred on May 16, 2000 when Gallon filed its brief in opposition to appellant's motion to vacate. The brief raised the issue of waiver for the first time. Only then, appellant argues, did he become aware that the problem with his arbitrability challenge may be related to Keating's legal representation. We disagree.
 {¶ 16} Appellant essentially argues that although he knew the facts underlying his legal malpractice claim on April 28, 2000, he did not know or understand the legal significance of these facts, i.e., that he had waived his arbitrability challenge, until May 16, 2000. Appellant's argument assumes that an injured person must be aware of the full extent of his injuries before there is a cognizable event triggering the statute of limitations. However, the Ohio Supreme Court has never held that a party must be aware or suffer the full extent of his injury before there is a cognizable event triggering the statute of limitations in a legal malpractice action. See Gatchell v. Lawyers Title Ins. Corp. (Sept. 7, 1999), Franklin App. No. 98AP-1487; Stanley v. John H. Rion Associates (Sept. 21, 2001), Greene App. No. 2001CA39.
 {¶ 17} Rather, under R.C. 2305.11(A), "the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney * * *." Zimmie, 43 Ohio St.3d at 58. (Emphasis added.) In such context, "a `cognizable event' is an event that puts a reasonable person on notice `that questionable legal practice may have occurred' and that the client might need to pursue remedies against his attorney." Lintnerv. Nuckols, Preble App. No. CA2003-10-020, 2004-Ohio-3348, ¶ 18.
 {¶ 18} Under the facts of this case, the cognizable event occurred at the latest on April 28, 2000, when the brief in support of appellant's motion to vacate was filed. Appellant's legal malpractice complaint alleged that Keating failed to object to the arbitrability of Gallon's quantum meruit claim. The April 28, 2000 brief, which appellant saw before it was filed, argued, inter alia, that Gallon's quantum meruit claim was not arbitrable. In his deposition, appellant agreed that the April 28 brief essentially made the argument Keating should have raised in its answer and counterclaim to Gallon's arbitration proceedings. Appellant also stated that April 28 was "the date the particular agreement was precisely raised, as far as I know." Appellant further stated he knew that failure to raise an affirmative defense in an answer results in a waiver. We therefore find that on April 28, 2000, appellant was put on notice of a possible legal malpractice claim against Keating.
 {¶ 19} Accordingly, because appellant filed his complaint (May 10, 2001) more than one year after the claim for legal malpractice accrued (April 28, 2000), the trial court did not err by granting summary judgment to Keating based on the statute of limitations. Appellant's first assignment of error is overruled. Appellant's second assignment of error is moot given our resolution of the first assignment of error. See App. R. 12(A)(1)(c).
Judgment affirmed.
Powell and Walsh, JJ., concur.
Young, P.J., of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.
Powell, J., of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.
Walsh, J., of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.