[Cite as *Walker v. Nationwide Mut. Ins. Co.*, 2015-Ohio-5371.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| William D. Walker, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 15AP-520 |
| v. | : | (C.P.C. No. 14CV-13157) |
| Nationwide Mutual Insurance Company, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 22, 2015

*Caryn Groedel & Associates, Co., LPA, Caryn M. Groedel,* and *Lori M. Griffin,* for appellant.

*Jones Day, Matthew A. Kairis, Tonya B. Braun*, and *Kimberly A. Jolson*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} William D. Walker, a resident of Tennessee, filed a lawsuit in Ohio seeking damages for his being fired by Nationwide Mutual Insurance Company ("Nationwide"). A judge of the Franklin County Court of Common Pleas denied Walker's motion for leave to file a second amended complaint, and granted Nationwide's motion to dismiss for failure to state a claim. The trial court found that the Tennessee statute of limitations applied to Walker's lawsuit and that Walker had filed the lawsuit outside of the time permitted by Tennessee law. Walker has appealed the judgment of the trial court and assigned four errors for our consideration:

> [I.] The trial court erred in dismissing Appellant's Amended Complaint based on Appellee's statute of limitations defense

when it was not *conclusively shown* on the face of Appellant's Amended Complaint that his claims are time-barred.

[II.] The trial court erred in denying Appellant's Motion for Leave to File his Second Amended Complaint based on "futility" even though it would *not* have been futile for Plaintiff to file his Second Amended Complaint because the Second Amended Complaint does not *conclusively shown* [sic] on its face that Appellant's claims are time-barred.

[III.] The trial court erred in converting Appellee's Motion to Dismiss to a Motion for Summary Judgment without providing notice to the parties, and without providing the parties with a reasonable opportunity to conduct discovery.

[IV.] When considering Appellee's Motion to Dismiss, the trial court erred in drawing inferences in favor of Appellee, the moving party, rather than in favor of Appellant, the non-moving party, in contravention of Rule 12(B)(6) of the Ohio Rules of Civil Procedure.

{¶ 2} For ease of discussion we shall address the assignments of error out of order.

{¶ 3} As noted in the assignments of error, the trial court granted a motion to dismiss filed on behalf of Nationwide, not a motion for summary judgment. Our standard in evaluating an appeal of a trial court's granting of a motion to dismiss is de novo. *Fisher v. Mallik*, 10th Dist. No. 14AP-140, 2015-Ohio-1008, ¶ 9.

A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim is procedural and tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.,* 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11, citing *Assn. for Defense of Washington Local School Dist. v. Kiger,* 42 Ohio St.3d 116, 117, 537 N.E.2d 1292 (1989). Dismissal for failure to state a claim is proper if, after all factual allegations are presumed to be true and all reasonable inferences are made in favor of the non-moving party, it appears beyond doubt from the complaint that the plaintiff could prove no set of facts warranting the requested relief. *State ex rel. Turner v. Houk,* 112 Ohio St.3d 561, 2007-Ohio-814, 862 N.E.2d 104, ¶ 5; *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. In considering a motion to dismiss under Civ.R. 12(B)(6), the court looks only to the complaint to determine whether the allegations are

> legally sufficient to state a claim. *Springfield Fireworks, Inc. v. Ohio Dept. of Commerce,* 10th Dist. No. 03AP-330, 2003-Ohio-6940, 2003 WL 22976621, ¶ 12. We review the dismissal of a complaint pursuant to Civ.R. 12(B)(6) under a de novo standard. *Woods v. Riverside Methodist Hosp.,* 10th Dist. No. 11AP-689, 2012-Ohio-3139, 2012 WL 2759260, ¶ 9.

*Id.* at ¶ 9.

{¶ 4} The bar of the statute of limitations is an affirmative defense and it is not one of the defenses specifically permitted to be raised by Civ.R. 12(B) prior to a responsive pleading unless the complaint conclusively shows on its face that it is barred by the statute of limitations. *Paul v. World Metals, Inc.*, 9th Dist. No. 20130 (Feb. 28, 2001); *Mills v. Whitehouse Trucking Co.,* 40 Ohio St.2d 55, 58 (1974); *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 379 (1982) ("A motion to dismiss a complaint under Civ.R. 12(B) which is based upon the statute of limitations is erroneously granted where the complaint does not conclusively show on its face the action is barred by the statute of limitations."); *Doe v. Archdiocese of Cincinnati,* 109 Ohio St.3d 491, 2006-Ohio-2625, ¶ 11.

{¶ 5} A key issue in this case is a conflict of laws issue. Tennessee allows plaintiffs in employment cases only one year to file their lawsuits. "A claim for retaliatory discharge is a tort action which is governed by the general tort statute of limitations which requires that a lawsuit be 'commenced within one (1) year after the cause of action accrued....' Tenn.Code Ann. § 28-3-104 (1980 Repl. and Supp.1996)." *Weber v. Moses*, 938 S.W.2d 387, 393 (Tenn.1996). Ohio allows four years for the pursuit of such claims. *Pytlinski v. Brocar Prod., Inc.*, 94 Ohio St.3d 77, 80 (2002) ("An action for wrongful discharge in violation of public policy is not specifically covered by any statutory section. Accordingly, we find that the limitations period for common-law claims for wrongful discharge in violation of public policy is four years as set forth in R.C. 2305.09(D)"). Walker filed his lawsuit more than one year after he was fired. Therefore, if Tennessee's statute of limitations applies, his claim is barred.

{¶ 6} Walker claims that he was wrongfully terminated in violation of public policy. He asserted two claims: one for testifying truthfully in a deposition involving Nationwide; and one for reporting and refusing to participate in insurance fraud. After an

initial filing of his lawsuit, Walker and his lawyers amended the complaint to play up ties of his responsibilities as an employee of Nationwide to actions which occurred in the State of Ohio. He tried to further emphasize such ties with a second amended complaint. The Trial court did not permit the filing of the second amended complaint, mostly because the judge assigned to the case did not believe that the new allegations in the second amended complaint had any bearing on the outcome. The judge felt Walker was a Tennessee resident who worked for Nationwide for over 20 years in Tennessee and was fired in Tennessee. As indicated earlier, the judge made his findings in the context of a motion to dismiss.

{¶ 7} One of the issues to be addressed with respect to the third assignment of error is whether the judge made his rulings based upon the allegations contained in the complaint or whether the judge based his rulings upon facts not contained within the four corners of the complaint. Civ.R. 12(B) states in pertinent part:

> When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in ruled 56. All parties shall be given reasonable opportunity to present all materials made pertinent by such a motion by Rule 56.

{¶ 8} If the trial court relied on facts from other sources, the motion to dismiss under Civ.R. 12(B)(6) should have been converted to a motion for summary judgment. This would have allowed some discovery to be pursued and the development of a clearer picture of the ties between Walker and Ohio and Walker and Tennessee. For instance, discovery proceedings might have revealed whether the decision to fire Walker was made in Ohio or was made in Tennessee. If Walker was a Tennessee resident, working in Tennessee, who was fired as the result of a decision made in Tennessee, the fact Nationwide is headquartered in Columbus, Ohio would not be enough to free Walker from the requirement under Tennessee law that employment claims be filed within one year.

{¶ 9}   Here, we have been unable to find any indication in the record that the trial court considered information outside of the complaint in ruling on the motion to dismiss. Walker argues that his amended complaint is devoid of any reference to Tennessee. However, the caption of the amended complaint clearly lists Walker with a Tennessee address.  The trial court did not need to have additional facts but only to review the allegations in the amended complaint.  The trial court did not convert the motion to a motion for summary judgment.

{¶ 10} The third assignment of error is overruled.

{¶ 11} Turning to the complaints filed or tendered on behalf of Walker, we first evaluate the amended complaint.  The amended complaint lists Walker as a resident of Tennessee in the caption and a resident of Sumner, Williamson, and/or Davidson Counties in the body of the amended complaint. (Amended Complaint at ¶ 1.)  It alleges Nationwide is an Ohio corporation with its principal place of business in Franklin County, Ohio.  (Amended Complaint at ¶ 2.)

{¶ 12} The amended complaint states that Walker began his employment with Nationwide in Indianapolis, but transferred less than two years later to the South Central Region where Terry Francis Saharski became his supervisor in 1998.   (Amended Complaint at ¶ 5, 6, 11.)   Walker alleges that he himself supervised agents, whom Nationwide considers to be independent contractors.  (Amended Complaint at ¶ 12, 10.) The amended complaint does not state where Walker actually performed the supervision, other than the general allegation that Walker was in the "South Central Region." (Amended Complaint at ¶ 6.)

{¶ 13} Walker claimed that he had compensation wrongly withheld from him in 2003, but provided no information about how or where the compensation was withheld. (Amended Complaint at ¶ 24.)  He claimed that he was the victim of retaliation based on his giving truthful testimony in a deposition in a lawsuit filed against Nationwide. (Amended Complaint at ¶ 25.)

{¶ 14} In short, the amended complaint is long on claims that Nationwide did bad things in 2003 and again in 2013, but short on saying how the termination and withholding of pay came about with respect to the State of Ohio.  The only claim of any significance is the claim that Nationwide is headquartered in Ohio and Walker worked for

Nationwide in the South Central Region, the boundaries of which are not described in the amended complaint.

{¶ 15} The amended complaint does not in fact allege that Walker's claims accrued in Ohio. Without an allegation that tied his claims to Ohio over and above the fact that Nationwide is headquartered in Ohio, the amended complaint does not state a claim justiciable in Ohio courts. The trial court judge did not need to draw inferences. The trial court merely needed to review the allegations in the amended complaint.

{¶ 16} Based upon the amended complaint, the trial court was not in error to order dismissal.

{¶ 17} The first and fourth assignments of error are overruled.

{¶ 18} The remaining issue is whether or not the trial court should have allowed counsel for Walker to amend the complaint for a second time.

{¶ 19} Civ.R. 15(A) provides that leave to file an amended pleading "shall be freely given when justice so requires." The decision of whether to allow a party leave to amend a complaint is within the discretion of the trial court and the ruling should not be disturbed on appeal absent an affirmative showing of an abuse of discretion. *Betz v. Penske Truck Leasing Co., L.P.,* 10th Dist. No. 11AP-982, 2012-Ohio-3472, ¶ 50; *Schweizer v. Riverside Methodist Hosps.,* 108 Ohio App. 3d 539, 545 (1996).

{¶ 20} To determine whether Walker's second amended complaint states a claim for wrongful discharge, the court must ascertain whether the complaint conclusively shows on its face that it was filed outside of the applicable statute of limitations. As stated above, resolution of this issue turns on whether Tennessee or Ohio's statute of limitations applies to the claim. Resolution depends, at least in part, on Ohio's borrowing statute, R.C. 2305.03(B) and the Supreme Court of Ohio's guidance with respect to conflict of law issues.

{¶ 21} A borrowing statute "is a legislative exception from the general rule that the forum always applies its statute of limitation." *Combs v. Internatl. Ins. Co.,* 354 F.3d 568, 578 (6th Cir.2004). It is meant to prevent forum shopping by a plaintiff whose claims have otherwise expired. Ohio's borrowing statute reads as follows:

> No civil action that is based upon a cause of action that
> accrued in any other state * * * may be commenced and

> maintained in this state if the period of limitation that applies to that action under the laws of that other state * * * has expired or the period of limitation that applies to that action under the laws of this state has expired.

R.C. 2305.03(B).

{¶ 22} Nationwide argues that this borrowing statute applies because Walker's claims accrued in Tennessee. Whether Walker's claim for wrongful discharge accrued in Ohio or Tennessee is not a simple question, and does not have a simple answer. "Ohio's borrowing statute does not clarify how to determine where a cause of action accrues, and case law has not offered a definitive answer." *Jarvis v. First Resolution Mgt. Corp.*, 9th Dist. No. 26042, 2012-Ohio-5653, ¶ 18.

{¶ 23} We look to Ohio law to determine the applicable limitations period. *Boulder Capital Group, Inc. v. Lawson,* 2d Dist. No. 2014-CA-58, 2014-Ohio-5797, ¶ 12. To determine where a cause of action accrued, the Supreme Court of Ohio adopted the test used in the Restatement of the Law 2d, Conflict of Laws. *Morgan v. Biro Mfg. Co.*, 15 Ohio St.3d 339 (1971).

{¶ 24} A tort claim generally accrues at the time the wrongful act is committed. *O'Stricker v. Jim Walter Corp.*, 4 Ohio St.3d 84, 87 (1983). Tort claims are generally governed by the law of the place of injury, unless another state has a more significant relationship to the lawsuit. In Ohio, a party may overcome the presumption that the law of the place where the injury occurs will be applied to a tort action, if it can demonstrate that another state has a more significant relationship to the action. *Muncie Power Prods., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 874 (6th Cir.2003).

{¶ 25} Factors to be considered in determining which state has the most significant relationship to the lawsuit include the place of the injury, the place where the conduct causing the injury occurred, the domicile, place of incorporation and place of business of the parties, and the place where the relationship between the parties is located. *Morgan* at 342, citing Restatement of the Law 2d, Conflict of Laws, Section 145-46 (1971).

{¶ 26} The second amended complaint is in the record before us. The second amended complaint again lists Walker as a resident of one of three counties in Tennessee at all relevant times. (Second Amended Complaint at ¶ 1.) It alleges that William D.

Walker has claims under Ohio law, but includes little rationale for why the claims supposedly accrued in Ohio, as opposed to Tennessee where he lived at all pertinent times. (Second Amended Complaint at ¶ 4.) The second amended complaint further alleges the following:

> All decisions, approvals and instructions relating to Plaintiff's employment at Nationwide came from Nationwide's headquarters in Columbus, Ohio, including but not limited to his title, changes to his title, the region in which he worked, his compensation (salary, bonuses, variable compensation), merit increases, to whom he reported, which agent-employees he supervised, the forms he used, the policies and procedures he was required to follow, the discipline to be given to his agent-employees, approval for hiring agent-employees, decisions pertaining to the termination of his subordinates, background checks for the agent-employees he wanted to hire, the policies and procedures his subordinates had to follow, and the contracts his subordinates had to sign, all came directly from Nationwide's headquarters in Columbus, Ohio.

(Second Amended Complaint at ¶ 50.)

{¶ 27} Walker also alleged that Saharski did not make any Nationwide-related decisions without first contacting the home office in Columbus, Ohio. (Second Amended Complaint at ¶ 17-18.)

{¶ 28} Walker further alleged that he reported "coding errors," otherwise known as insurance fraud to corporate headquarters in Columbus, Ohio, and that he had approximately 10-15 insurance fraud and coding-related telephone conversations with staff in Columbus, Ohio before his termination. (Second Amended Complaint at ¶ 39, 45.)

{¶ 29} Contrary to the trial court's findings, this set of allegations goes far beyond what was contained in the first amended complaint. If orders came from corporate headquarters to withhold Walker's pay in 2013 for improper reasons and then to fire him, and the orders were merely carried out in Tennessee, the second amended complaint does in fact state a claim which could be adjudicated in Ohio courts under Ohio law.

{¶ 30} We, therefore, sustain the second assignment of error.

{¶ 31} Having overruled the first, third, and fourth assignments of error, and sustaining the second assignment of error, we reverse the judgment of the trial court dismissing the lawsuit in its entirety and remand the case with instructions to sustain

Walker's motion for leave to file the second amended complaint and conduct such proceedings as are appropriate with regard to the second amended complaint.

*Judgment reversed; case remanded*

BROWN, P.J., concurs.
DORRIAN, J., concurs in part, dissents in part.

DORRIAN, J., concurring in part and dissenting in part.

{¶ 32} For the following reasons, I respectfully concur in part and dissent in part with the majority opinion.

{¶ 33} I concur with the majority in affirming the trial court and overruling assignments of error one, three, and four. However, I dissent from the majority in sustaining the second assignment of error and reversing the trial court's judgment. Applying the abuse of discretion standard, I would not find that the trial court erred in denying appellant's motion for leave to file a second amended complaint. The trial court thoroughly considered and discussed its reasons for denying the motion, including ¶ 17 and ¶ 50 of the second amended complaint and case law from this district. I would find no abuse of discretion and would overrule the second assignment of error and affirm the judgment of the trial court.

————————————————