[Cite as *Smith v. Candiello*, 2016-Ohio-844.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Darrick E. Smith

          Appellant

v.

Vedo R. Candiello

          Appellee

Court of Appeals No. L-15-1125

Trial Court No. CI0201401354

**DECISION AND JUDGMENT**

Decided: March 4, 2016

* * * * *

Tim A. Dugan, Steven L. Crossmock, and Stevin J. Groth, for appellant.

Laurie J. Avery and Taylor C. Knight, for appellee.

* * * * *

**SINGER, J.**

**{¶ 1}** Appellant, Darrick Smith, appeals the judgment of the Lucas County Court of Common Pleas granting appellee, Vedo R. Candiello's, motion to dismiss for failure to state a claim. The trial court held the one-year statute of limitations under R.C. 2305.11(A) barred appellant's legal malpractice claim against appellee. We affirm.

{¶ 2} Appellant provides one assignment of error:

> The trial court erred in finding that the statute of limitations barred appellant's action for professional malpractice against appellee.

## I. Factual Statement

{¶ 3} The following facts were alleged in the complaint. Appellant was convicted of trafficking drugs in September 1999. In December 2009, a federal complaint was filed against appellant, and shortly thereafter, he was indicted for being a felon in possession of a firearm. Appellant retained appellee to represent him on that charge. In May 2010, a jury trial was held wherein appellant was found guilty and sentenced to prison. The Sixth Circuit Court of Appeals affirmed the conviction. Then, on July 30, 2012, appellant filed a motion to vacate his sentence "under Title 28 United Stated Code Section 2255, ineffective assistance of counsel." On October 22, 2013, appellant's conviction was vacated because appellee received deficient representation and was prejudiced as a result. Appellant was released on bond and the indictment against him was ultimately dismissed.

{¶ 4} On February 4, 2014, appellant filed his complaint for legal malpractice against appellee with the trial court. According to the complaint, appellant was incarcerated as a consequence of appellee's ineffective assistance of counsel at appellant's 2010 trial.

{¶ 5} On April 10, 2014, appellee filed a motion to dismiss appellant's legal malpractice claim based on the statute of limitations, which time-barred appellant's claim. Responses and replies were filed.

2.

**{¶ 6}** On September 11, 2014, oral arguments occurred. The trial court granted appellee's motion to dismiss on April 14, 2015. The trial court concluded a cognizable event for appellant's legal malpractice claim occurred on July 30, 2012, when appellant knew, or should have known, of his injuries related to appellee's action or inaction. Appellant filed a timely appeal.

## II. Standard of Review

**{¶ 7}** A Civ.R. 12(B)(6) motion involves the claimant's "failure to state a claim upon which relief can be granted." In order to grant such as a motion, the trial court must conclude that the claimant's "set of facts" do not "warrant recovery." *Doe v. Robinson*, 6th Dist. Lucas No. L-07-051, 2007-Ohio-5746, ¶ 17, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975). The facts alleged within the claimant's complaint are presumed to be true and all reasonable inferences must be construed in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). When a Civ.R. 12(B)(6) motion presents matters which are outside of the pleading, "the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." Civ.R. 12(B).

**{¶ 8}** The appellate court reviews a trial court's decision to grant a Civ.R. 12(B)(6) motion using a de novo standard. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d

3.

79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5, referring to *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 4-5.

### III. Law and Analysis

{¶ 9} R.C. 2305.11 establishes the statute of limitations for legal malpractice claims within the state of Ohio. A plaintiff must file his or her complaint for legal malpractice within one year of the date that the claim accrued. R.C. 2305.11(A). As reflected within *Zimmie v. Calfee, Halter and Griswold*, 43 Ohio St.3d 54, 58, 538 N.E.2d 398 (1989), the Supreme Court of Ohio has created a two prong test to evaluate when the accrual date for a legal malpractice action starts. The *Zimmie* court held that a claim for a legal malpractice accrues, and the statute of limitations starts to run, when

> [(1)] there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or [(2)] when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later. *Id.*

{¶ 10} "The bar of the statute of limitations is an affirmative defense and it is not one of the defenses specifically permitted to be raised by Civ. R. 12(B) prior to a responsive pleading unless the complaint conclusively shows on its face that it is barred by the statute of limitations." *Walker v. Nationwide Mut. Ins. Co.*, 10th Dist. Franklin

4.

No. 15AP-520, 2015-Ohio-5371, ¶ 4, citing *Paul v. World Metals, Inc.*, 9th Dist. No. 20130, 2001 WL 196513 (Feb. 28, 2001).

{¶ 11} Here, both appellee and appellant attached exhibits to their respective filings, and neither party objected to those exhibits. While the trial court did not explicitly convert the motion to dismiss to a motion for summary judgment, procedurally, the trial court treated the Civ.R. 12(B)(6) motion as a motion for summary judgment, and both parties had the opportunity to present matters outside of the pleadings. We shall also regard the Civ.R. 12(B)(6) motion as a motion for summary judgment, and review the trial court's judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶ 12} Applying the *Zimmie* test to the facts in the present case, we find the record shows that it was conceded by appellant that the attorney-client relationship ended more than one year from the time the legal malpractice complaint was filed. Therefore, we must determine when a cognizable event occurred.

{¶ 13} Appellant argues the trial court erred when it ruled a cognizable event occurred on July 30, 2012, when he filed his motion to vacate sentence. Appellant contends he was "specifically prevented from ever exploring the possibility of ineffective assistance of counsel" until he filed his motion to vacate. Appellant maintains he had no notice that his counsel was ineffective until October 22, 2013, when his motion to vacate was granted. Appellant further submits he had no damages for which he could have filed suit until October 22, 2013, and no real damages became apparent until the indictment

was dismissed on December 9, 2013. Appellant therefore asserts a cognizable event occurred at the earliest, on October 22, 2013, or the latest, December 9, 2013.

{¶ 14} Appellee counters a cognizable event occurred when appellant filed a motion in which he alleged ineffective assistance of counsel. Appellee contends although appellant may not have had full knowledge about his injuries or the legal importance of his ineffective assistance of counsel claim, appellant had awareness, or should have had awareness of alleged ineffective assistance on July 30, 2012, the date the motion to vacate sentence was filed.

{¶ 15} In the case of *Asente v. Gargano*, 10th Dist. Franklin No. 04AP-278, 2004-Ohio- 5069, ¶ 14, the court recognized a cognizable event "is an event sufficient to alert a reasonable person that his attorney has committed an improper act in the course of legal representation." (Citation omitted.)

{¶ 16} In *Deutsch v. Keating, Meuthing, & Klekamp*, 2d Dist. Montgomery No. CA020121, 2005-Ohio-206, ¶ 16, the court found a claimant does not have to realize the complete extent of his injury before a cognizable event can occur.

{¶ 17} In *Taylor v. Oglesby*, 6th Dist. Lucas No. L-05-1064, 2006-Ohio-1225, ¶ 14, this court determined a cognizable event occurred when the former client, through new counsel, filed a motion to reopen his criminal appeal in which it was specifically alleged that former counsel was ineffective. At that point in time, the former client was put on notice of a possible malpractice claim by the former counsel. *Id.*

6.

{¶ 18} Here, a cognizable event occurred on July 30, 2012, when appellant filed his motion to vacate sentence based on ineffective assistance of counsel. As of that date, appellant was put on notice of a possible legal malpractice claim against appellee. Since the statute of limitations began to run on July 30, 2012, and appellant's complaint was not filed until February 4, 2014, beyond the one-year limitations period for filing a legal malpractice action, appellant's claim is barred. Appellant's assignment of error is therefore not well-taken.

{¶ 19} The judgment of the Lucas County Common Pleas Court is affirmed. Costs of the appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.         _____
JUDGE

Arlene Singer, J.        

         _____
James D. Jensen, P.J.         JUDGE
CONCUR.

         _____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.