[Cite as *Ferner v. State*, 2020-Ohio-4698.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Mike Ferner, et al.

Appellants

v.

State of Ohio

Appellee

Court of Appeals No. L-20-1041

Trial Court No. CI0201902904

**DECISION AND JUDGMENT**

Decided: September 30, 2020

* * * * *

Mike Ferner, Bryan Twitchell and John Michael Durback, pro se appellants.

Dave Yost, Ohio Attorney General, Amanda M. Ferguson, Jenna Foos, Daniel J. Martin and Gregg H. Bachmann, Assistant Attorneys General, for appellee.

* * * * *

**ZMUDA, P.J.**

## I. Introduction

{¶ 1} This matter is before the court on appeal from the judgment of the Lucas County Court of Common Pleas, dismissing the complaint for declaratory judgment of plaintiffs-appellants Mike Ferner, Bryan Twitchell, and John Michael Durback, finding

appellants failed to state a claim for which relief might be granted. For the reasons that follow, we reverse the trial court's judgment.

## II. Facts and Procedural Background

{¶ 2} In August 2014, the city of Toledo issued a notice to area residents that the water supply contained unsafe levels of a toxic substance, caused by pollution attributed to agricultural run-off into Lake Erie. The water remained dangerous for consumption for almost three days. To address the issue, concerned citizens initiated a campaign to adopt a Lake Erie Bill of Rights (LEBOR) as part of the city Charter. After collecting sufficient signatures, the citizens presented the proposed amendment to the Lucas County Board of Elections and the Board of Elections rejected the proposed charter amendment, finding the proposed amendment contained provisions the city had no authority to enact. In an expedited election case, the Ohio Supreme Court denied a request for a writ of mandamus to require the Board to place the amendment on the ballot in a plurality opinion. *State ex rel. Twitchell v. Saferin*, 155 Ohio St.3d 52, 2018-Ohio-3829, 119 N.E.3d 365, ¶ 3.

{¶ 3} On December 4, 2018, the Toledo City Council passed an ordinance, declaring the citizen's petition had sufficient signatures, and certifying the measure to the Board for placement on the February 26, 2019 special-election ballot. Toledo resident Josh Abernathy submitted a written protest to the Board, arguing LEBOR could not appear on the ballot as its provisions exceeded the authority of the city to enact, and the Supreme Court's decision in *Twitchell* foreclosed inclusion on the ballot. *State ex rel.*

2.

*Abernathy v. Lucas County Board of Elections,* 156 Ohio St.3d 238, 2019-Ohio-201, 125 N.E.3d 832, ¶ 2. The Ohio Supreme Court denied the writ, finding that, once a municipal legislative body passes an ordinance to place a proposed charter amendment on the ballot, a board of elections has "no legal authority to review the substance of a proposed charter amendment and has no discretion to block the measure from the ballot based on an assessment of its suitability." *Id.* at ¶ 7 -9, citing *State ex rel. Maxcy v. Saferin,* 155 Ohio St.3d 496, 2018-Ohio-4035, 122 N.E.3d 1165, ¶ 13, 18-19.

{¶ 4} The issue went to the voters, who favored the amendment to the charter, and LEBOR became law. The day after the election, Drewes Farms Partnership, an entity that farmed in counties near Toledo and would be subject to the provisions of LEBOR, filed suit in federal court to declare LEBOR invalid. The city of Toledo opposed that effort. Months into the litigation, the state of Ohio intervened as a party plaintiff. In March 2019, the Drewes Farms, the city, and the state agreed to an injunction to stay enforcement of LEBOR during the pendency of the federal suit. *Drewes Farms Partnership v. City of Toledo*, N.D. Ohio Case No. 3:19 CV 434, 2019 WL 1254011 (Mar. 18, 2019).

{¶ 5} On June 27, 2019, while the stay of enforcement and the *Drewes Farms* suit remained pending, appellants filed a complaint for declaratory action in the trial court naming the state of Ohio as the sole defendant. Appellants alleged venue and jurisdiction was proper, in part, because LEBOR created jurisdiction with the Lucas County Court of Common Pleas. In articulating a cause of action, appellants described prior litigation to

3.

protect Lake Erie and its watershed from agricultural run-off and outlined the history of and purpose for the citizen initiative process to establish LEBOR. Appellants alleged the state violated LEBOR and Article I, Sections 1 and 2 of the Ohio Constitution by bringing suit in federal court to challenge the validity of LEBOR. The complaint for declaratory judgment, furthermore, sought an "order declaring LEBOR to be valid under the Constitution and laws of the State of Ohio." Additionally, appellants sought a finding that the state maintains policies that fail to abate widespread pollution of Lake Erie and/or have caused additional harm, a determination that LEBOR is valid and enforceable in its entirety, and a permanent injunction against the state, any citizen, any person, and any legal or fictitious entity, enjoining them from abridging appellants' rights under LEBOR or denying appellants the right to enforce any provision of LEBOR against "any person, corporation, federal, state, or local governmental entity, and any other legal entity."

{¶ 6} On July 30, 2019, the state filed a motion to dismiss the complaint for failure to state a claim. The state argued that appellants lacked standing to bring the suit, and failed to allege any concrete harm caused by the state's participation in the *Drewes Farms* litigation, as the mere participation in the suit did not injure appellants, leaving only a "potential, speculative injury" should the federal court invalidate LEBOR. Additionally, the state argued that any ruling by the trial court would not prevent the federal court from ruling on the separate federal and state constitutional provisions at issue in the *Drewes Farms* suit, and an order barring the state's participation would not end the suit, as the state was only an intervening plaintiff in that case.

4.

{¶ 7} Finally, the state argued that appellants lacked a legal basis to prevent the state from defending its interests in Lake Erie or defending its laws. Significantly, the state noted that LEBOR's attempt to insulate its provisions from any legal challenge essentially bars the state from participating in "the resolution of important questions of state and federal constitutional law." The provisions of LEBOR, therefore, purport to silence the state where a third party seeks interpretation of laws affecting a natural resource controlled by the state, or where conflicting local and state laws require resolution, or where a part of the state challenges the validity of other environmental, natural resources, and agricultural statutes and regulations.

{¶ 8} In seeking dismissal for failure to state a claim, the state challenged the validity of LEBOR, arguing the General Assembly exercises exclusive authority to vest jurisdiction in a common pleas court, citing Article IV, Section 4(b) of the Ohio Constitution. *See Cupps v. City of Toledo*, 170 Ohio St. 144, 163 N.E.2d 384 (1959), at paragraph one of the syllabus ("The authority granted to municipalities by Section 3 of Article XVIII, Ohio Constitution, to 'exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws' and, by Section 7 of Article XVIII, to 'frame and adopt or amend a charter for its government and * * * exercise thereunder all powers of local self-government' does not include the power to regulate the jurisdiction of courts established by the Constitution or by the General Assembly

5.

thereunder.") Therefore, the state argued, LEBOR may not confer "original jurisdiction" in a court, and the complaint is jurisdictionally flawed.

{¶ 9} In opposing dismissal, appellants eschewed legal analysis for discussion of "ecological reality," arguing the importance for the trial court to declare "that the state has failed to protect Lake Erie and all those who depend on her," and asking the court to declare LEBOR "enforceable in its entirety," with no preemption by state law. As to concrete injury, appellants argued the long history of pollution, including algae blooms every summer, undrinkable water, swimming advisories, and other water quality issues. Appellants traced these issues to the state's failure to enforce regulatory laws, like the Clean Water Act. Furthermore, appellants argued that by filing suit against the city in 2019 and stipulating to an injunction against enforcement of LEBOR during the pendency of that suit, the state caused "a century of assault and ruin" to Lake Erie to endure.

{¶ 10} On September 24, 2019, the trial court requested additional briefing to "assist the court in its decision." The parties were asked to provide additional argument on the applicability of Ohio's Home Rule Amendment under Article XVIII, Section 3 of the Ohio Constitution, as well as argument regarding whether sovereign immunity or exclusive jurisdiction of the court of claims applied to the appellants' claims.

{¶ 11} After additional briefing, the trial court granted the state's motion to dismiss on January 15, 2020, finding appellants failed to allege a claim that presented a justiciable controversy, and sought only an advisory opinion on the validity of LEBOR.

The trial court did not address the actual claims alleged, including the allegation that the state violated LEBOR and Article I, Sections 1 and 2 of the Ohio Constitution by filing suit in federal court to challenge the validity of LEBOR or the allegation that the state's "permitting and licensing activities" cause "affirmative and cumulative harm" and violate rights granted by LEBOR.

{¶ 12} Appellants filed a timely appeal of the trial court's judgment on February 14, 2020.

{¶ 13} On February 27, 2020, the federal court in *Drewes Farms* issued its decision, addressing the issue of standing first. *See Drewes Farms Partnership v. City of Toledo*, 441 F.Supp.3d 551, 555 (Feb. 27, 2020), *appeal dismissed sub nom. Drewes Farms Partnership v. City of Toledo, OH*, 2020 WL 3619934 (Apr. 14, 2020), and *appeal dismissed sub nom. Drewes Farms Partnership v. City of Toledo, OH*, 2020 WL 3620205 (May 5, 2020). The *Drewes Farms* court determined that the state had standing to challenge the validity of LEBOR, based on LEBOR provisions that invalidated conflicting state laws, regulations, licenses, and permits. *Id.* The court next considered the text of LEBOR and found its provisions vague and uncertain. *Id.* at 556. The court considered the impossibility of interpreting "[w]hat conduct infringes the right of Lake Erie and its watershed to 'exist, flourish, and naturally evolve?'" *Id.*

{¶ 14} After reviewing the rights articulated in LEBOR, the court found the language was vague and amorphous, noting the ordinance "sounds powerful but has no practical meaning." *Id.* This vagueness extended throughout LEBOR, and the court

7.

determined that "[n]o part of LEBOR can be saved * * *. Once the three vague rights are stripped away, the remainder is meaningless." *Id* at 577. The court noted the language recites "values and findings; it does not purport to create legal rights or obligations." *Id.*

{¶ 15} Finally, the *Drewes Farms* court determined that many provisions of LEBOR failed "on their own merits." *Id.*

> For example, LEBOR's attempt to invalidate Ohio law in the name of environmental protection is a textbook example of what municipal government cannot do. Lake Erie is not a pond in Toledo. It is one of the five Great Lakes and one of the largest lakes on Earth, bordering dozens of cities, four states, and two countries. That means the Lake's health falls well outside the City's constitutional right to local self-government, which encompasses only "the government and administration of the internal affairs of the municipality." *In re Complaint of Reynoldsburg*, 134 Ohio St. 3d 29, ¶ 25, 979 N.E.2d 1229 (2012) (citation omitted). Consequently, municipal laws enacted to protect Lake Erie are generally void if they conflict with Ohio law. *See Mendenhall v. City of Akron*, 117 Ohio St. 3d 33, ¶¶ 17-18, 881 N.E.2d 255 (2008). *See also Pa. Gen. Energy Co. v. Grant Twp.*, 139 F. Supp. 3d 706, 720 (W.D. Pa. 2015) (invalidating part of local ordinance similar to LEBOR due to conflict with Pennsylvania state law). LEBOR flagrantly violates this rule.

*Drewes Farms* at 557.

8.

**{¶ 16}** Appellants filed their brief in support of the appeal a day later, noting the ruling in *Drewes Farms*, invalidating LEBOR in its entirety. The state attached the *Drewes Farms* decision as an appendix to its appellee brief. The briefs of the parties largely address the merits and validity of LEBOR, with little attention to the claims contained within appellants' complaint.

**{¶ 17}** On August 25, 2020, we granted the parties leave to file supplemental briefs to address the *Drewes Farms* decision, recently issued. Each party filed a supplemental brief, again primarily addressing the merits and validity of LEBOR, in light of the findings in the *Drewes Farms* decision. Appellee acknowledged that the present appeal does not concern adjudication on the merits, but urged this court to take judicial notice of the *Drewes Farms* ruling. Appellants acknowledged that the *Drewes Farms* ruling likely "killed LEBOR," but urged this court to consider the policy implications for protecting Lake Erie. With the filing of supplemental briefs, the matter is now decisional.

### III. Assignment of Error

**{¶ 18}** Appellants now challenge the trial court's dismissal of the declaratory judgment action, asserting the following as error:

> The trial court improperly dismissed the Plaintiffs' Complaint for Declaratory Judgment when it ruled that it is beyond doubt that the plaintiffs can prove no set of facts to support plaintiffs' claims that justifies the relief sought.

9.

## IV. Analysis

{¶ 19} The trial court dismissed appellants' complaint for failure to state a claim, pursuant to Civ.R. 12(B)(6). "An order granting a Civ.R. 12(B)(6) motion to dismiss is subject to de novo review." *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 4-5.

{¶ 20} Although mindful of the likely failure of appellants' complaint on the merits, as acknowledged by the parties, the matter before us is a narrow, *procedural* issue. Pursuant to Civ.R. 12(B)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." To sufficiently state a claim for relief, a plaintiff "need not allege in the complaint every fact he intends to prove * * * [b]ut plaintiff must allege a set of facts that would support a cause of action." *Haas v. Stryker*, 6th Dist. Williams No. WM-12-004, 2013-Ohio-2476, ¶ 8, citing *Beretta* at ¶ 5. In reviewing the pleading, we must accept the factual allegations as true and construe all reasonable inferences in the plaintiff's favor. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).

{¶ 21} Our review is limited to the complaint and any documents properly incorporated within the complaint, with no consideration of matters beyond the pleading. (Citation omitted.) *Smith v. Candiello*, 6th Dist. Lucas No. L-15-1125, 2016-Ohio-844, ¶ 7. In this case, the complaint alleges a declaratory judgment action to determine the enforceability of LEBOR.

10.

{¶ 22} Declaratory judgment actions provide a means to enforce legal rights. *See* R.C. 2721.03. A valid declaratory judgment action requires a real and justiciable controversy between adverse parties, with speedy relief necessary to preserve rights in danger of being impaired or lost. *Fairview Gen. Hosp. v. Fletcher*, 63 Ohio St.3d 146, 148-149, 586 N.E.2d 80 (1992). In this instance, appellants' complaint alleges facts that, if we accept as true, articulate a claim for declaratory judgment regarding the enforceability of LEBOR, a charter amendment granting Lake Erie and the citizenry certain rights, including standing to sue to protect those rights. Appellants alleged facts constituting a violation of LEBOR by the state and sought a declaration regarding the enforceability of LEBOR and a permanent injunction to prevent violation of LEBOR.

{¶ 23} In arguing for dismissal, appellee argues the issue is moot based on the adverse ruling in *Drewes Farms*, and appellee asks this court to take judicial notice of that court's decision and subsequent proceedings, specifically, the city's dismissal of its appeals and apparent abandonment of efforts to enforce LEBOR. We note, however, that a "court cannot take judicial notice of court proceedings in another case." *In re W.E.*, 6th Dist. Lucas No. L-11-1076, 2011-Ohio-4693, ¶ 5, citing *Woodman v. Tubbs Jones*, 103 Ohio App.3d 577, 580 (8th Dist.1995), citing *Diversified Mtge. Investors, Inc. v. Athens Cty. Bd. of Revision*, 7 Ohio App.3d 157, 454 N.E.2d 1330 (4th Dist.1982) and *State v. Velez*, 72 Ohio App.3d 836, 596 N.E.2d 545 (3d Dist.1991). Furthermore, the issue is not rendered moot by the decision by the federal district court in *Drewes Farms*, as decisions

by federal trial courts are not binding on the state courts and provide only persuasive authority. *See State v. Burnett*, 93 Ohio St.3d 419, 424, 755 N.E.2d 857 (2001).

{¶ 24} Appellee also argues that appellants' complaint presents no justiciable issue, based on the lack of a live controversy between parties with standing. In support, appellee argues the provisions of LEBOR, granting standing and enforceable rights, are invalid. This argument appears opposite to the state's position in the *Drewes Farms* matter, where the federal court found the state had standing to challenge the enforceability of LEBOR through a declaratory judgment action. *See Drewes Farms*, 441 F.Supp.3d at 555 (finding the existence of LEBOR injures the state "on paper" by invalidating its laws, regulations, licenses, and permits).

{¶ 25} While we do not consider the *Drewes Farms* decision to be controlling in this matter, we find the federal court's ruling regarding standing persuasive in the general sense, and in this instance, the federal court decision lends support to a finding that appellants have standing to seek declaratory relief. Appellants sought the same review in the trial court that appellee sought in federal court, which was review of the validity of LEBOR and consideration of the same tensions between the state's authority and LEBOR's broad proscriptions.[1]

---

[1] We do note that the federal court determination was made pursuant to Federal Civil Rule 12(C) and 28 U.S.C. 2201, the federal declaratory judgment statute, and not Ohio Civ.R. 12(B)(6). *Drewes Farms,* 441 F.Supp.3d at 554.

12.

{¶ 26} While the merits of appellants' complaint are placed in doubt by the *Drewes Farms* findings, appellants nonetheless articulate a sufficient legal claim for declaratory judgment regarding the enforceability of a properly enacted law, LEBOR. While appellee argues that the claimed defects in this law provide a basis to find an insufficient claim for relief, we must consider the merits of the very claim that appellants put forth in the trial court to reach this conclusion. A Civ.R. 12(B)(6) determination does not reach the merits of the challenged claims, beyond the facts alleged on the face of the pleading, regardless of "however hurried a court may be in its efforts to reach the merits of a controversy[.]" *Miller v. Lint*, 62 Ohio St.2d 209, 215, 404 N.E.2d 752 (1980).

{¶ 27} We must avoid the temptation to wade into waters belonging to the trial court, as consideration of the merits is beyond the determination under Civ.R. 12(B)(6). In this case, the trial court could have converted the motion to dismiss to a determination on summary judgment, in order to address the merits of appellants' claims. *See* Civ.R. 12(B); *Petrey v. Simon*, 4 Ohio St.3d 154, 447 N.E.2d 1285 (1983), paragraph one of the syllabus. The trial court did not do so, however, and the matter on appeal is therefore limited to a procedural review. Accordingly, based solely on the facts alleged, we find appellants stated a sufficient claim, and the trial court erred in dismissing the matter pursuant to Civ.R. 12(B)(6).

13.

**{¶ 28}** We find appellants' sole assignment of error well-taken, and reverse and remand the proceedings to the trial court. Costs of the appeal are assessed to the state pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

_____

Gene A. Zmuda, P.J. _____
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.